**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                                    (State)

Case number *(if known)*: _____    Chapter  11

☐ Check if this is an amended filing

<u>Official Form 201</u>
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | Aspect Software Parent, Inc. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | Aspect International LLC, Aspect Software Intermediate Holdings LLC |
| 3. | Debtor's federal Employer Identification Number (EIN) | 20-3503231 |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2325 E. Camelback Road<br>Number          Street | Number          Street |
| Suite 700 | |
| | P.O. Box |
| Phoenix, Arizona 85016<br>City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Maricopa County, Arizona<br>County | Number          Street |
| | City          State     Zip Code |

**5.  Debtor's website (URL)**  http://www.aspect.com/

**6.  Type of debtor**

☒ Corporation (Including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Aspect Software Parent, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5112**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **Delaware** | When | |
| Case number, if known | _____ | | **03/09/2016** MM / DD / YYYY |

| Debtor | **Aspect Software Parent, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
          Contact name _____
          Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☒ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☒ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| Debtor | Aspect Software Parent, Inc. | Case number *(if known)* | |
|--------|------------------------------|---------------------------|--|
| | Name | | |

| 16. Estimated liabilities | ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/09/2016___
            MM/ DD / YYYY

x  /s/ _____         Robert Krakauer
   Signature of authorized representative of debtor    Printed name

Title   **Executive Vice President and Chief Financial Officer**

**18. Signature of attorney**

x  /s/ _____  Date   03/09/2016
   Signature of attorney for debtor           MM/ DD/YYYY

Domenic E. Pacitti
Printed name

Klehr Harrison Harvey Branzburg LLP
Firm name

919 North Market Street, Suite 1000
Number              Street

Wilmington                          Delaware        19899-8705
                                                    (Courier 19801)
City                                State           ZIP Code

(302) 426-1189                      dpacitti@klehr.com
Contact phone                       Email address

3989                                Delaware
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                              (State)

Case number *(if known)*: _____    Chapter  11 ___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Aspect Software Parent, Inc.

- Aspect Software Parent, Inc.
- Aspect Software, Inc.
- VoiceObjects Holdings Inc.
- Voxeo Plaza Ten, LLC
- Davox International Holdings, LLC

**ASPECT SOFTWARE PARENT, INC.**
**SECRETARY'S CERTIFICATION**

The undersigned, Stephen J. Beaver, Secretary of Aspect Software Parent, Inc. (the "Company"), a Delaware corporation, hereby certifies as follows:

1.  I am the duly qualified and elected Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2.  Attached hereto is a true, complete, and correct copy of the unanimous written consent of the board of directors of the Company (the "Board of Directors"), adopted in accordance with the bylaws of the Company.

3.  Such written consent has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exist no other subsequent written consents of the Board of Directors relating to the matters set forth in the written consent attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the _8_ th day of March, 2016.

Stephen J. Beaver,
Secretary

ASPECT SOFTWARE PARENT, INC.
BOARD OF DIRECTORS WRITTEN CONSENT
MARCH 8, 2016

### Item 1. Restructuring Update

Effective as of this 8th day of March 2016, the members of the board of directors (the "Board of Directors") of Aspect Software Parent, Inc., a Delaware corporation (the "Company"), took the following actions and adopted the following unanimous written consent, with the same force and effect as if the same had been adopted at a duly convened meeting of the Board of Directors pursuant to the Company's bylaws and the General Corporations Law of the State of Delaware:

*Chapter 11 Filing*

WHEREAS, the Board of Directors considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

FURTHER RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

*Plan Support Agreement and Plan*

WHEREAS, the Board of Directors has determined that it is in the best interest of the Company, its creditors and other parties in interest for the Board of Directors to authorize the Company to enter into that certain plan support agreement (the "Plan Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Company's Board of Directors on or in advance of the date hereof; and

WHEREAS, the chapter 11 plan of reorganization the Company and its advisors are negotiating with various creditors (the "Plan"), to be effectuated consistent with the Plan Support

1

Agreement, contemplates that claims against members of the Board of Directors would be released under the Plan, subject to confirmation of the Plan, and on the effective date of such Plan; and

WHEREAS, the member of the Board of Directors that is disinterested (within the meaning of General Corporation Law of the State of Delaware or the Company's governing documents, to the extent applicable) with respect to the releases has reviewed the terms and conditions of the Plan Support Agreement and related documents and has recommended that each be approved; and

WHEREAS, the members of the Board of Directors have acknowledged that the material facts relating to the relationships or interests of other Board of Directors members with other companies and other material relationships in connection with the releases in the Plan Support Agreement contemplated by this written consent have been disclosed to them or are otherwise known to them, as contemplated by the General Corporation Law of the State of Delaware or the Company's governing documents, to the extent applicable; and

WHEREAS, the members of the Board of Directors acknowledge and believe that the Plan Support Agreement is procedurally and substantively fair to the Company as contemplated by General Corporation Law of the State of Delaware or the Company's governing documents, to the extent applicable.

NOW, THEREFORE, BE IT,

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into the Plan Support Agreement; and

FURTHER RESOLVED, that the Board of Directors hereby authorizes the Company, upon advice from the Company's advisors, to file the Plan and related disclosure statement (the "Disclosure Statement"), materially consistent with the form of the Plan and Disclosure Statement presented to the Board of Directors prior to the date of filing; and

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby are, authorized and empowered to take all actions necessary to solicit acceptance for the Plan in accordance with the Bankruptcy Code; and

FURTHER RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to take or cause to be taken any and all action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable to fully carry out the means for implementation of the Plan; and

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Plan Support Agreement and Plan (collectively, the "Restructuring Transactions"); and

2

FURTHER RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Plan Support Agreement and Plan (collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Directors, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions; and

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing written consent, which determination shall be conclusively evidenced by their execution thereof; and

### *Retention of Professionals*

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alix Partners, LLP as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to

be filed an appropriate application for authority to retain the services of Alix Partners, LLP; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Jeffries LLC as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jeffries LLC; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and

*Debtor in Possession Financing*

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents required to consummate the debtor in possession credit agreement (the "DIP Credit Agreement") among Aspect Software Inc., as Borrower, Aspect Software Parent, Inc. and its debtor affiliates as Guarantors, the various lenders from time to time parties thereto as Lenders, Wilmington Trust, N.A. or its successor, as Administrative Agent for the Lenders, on such terms as described to the Board of Directors by advisors and as may be reflected in a term sheet provided to the Board of Directors; and

*Cash Collateral and Adequate Protection*

FURTHER RESOLVED, that, in connection with the commencement of the Chapter 11 Cases,

4

each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized and directed to seek approval of a cash collateral order in interim and final form (a "Cash Collateral Order"), and each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

*General*

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the written consent adopted herein; and

FURTHER RESOLVED, that all members of the Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing written consent, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing written consent done in the name of and on behalf of the Company, which acts would have been approved by the foregoing written consent except that such acts were taken before the adoption of this written consent, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by written consent of the Board of Directors; and

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by this written consent hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors, do hereby consent to the foregoing and execute this consent as of the date above first written.

ASPECT SOFTWARE PARENT, INC.
BOARD OF DIRECTORS

_____
Stewart M. Bloom

_____
Robert F. Krakauer

_____
Charles H. Cremens

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors, do hereby consent to the foregoing and execute this consent as of the date above first written.

ASPECT SOFTWARE PARENT, INC.
BOARD OF DIRECTORS


_____
Stewart M. Bloom


_____
Robert F. Krakauer


_____
Charles H. Cremens

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors, do hereby consent to the foregoing and execute this consent as of the date above first written.

ASPECT SOFTWARE PARENT, INC.
BOARD OF DIRECTORS

_____
Stewart M. Bloom

_____
Robert F. Krakauer

_____
Charles H. Cremens

**Fill in this information to identify the case:**

Debtor name ___Aspect Software Parent, Inc., *et al.*___

United States Bankruptcy Court for the: _____    District of ___Delaware___
Case number *(if known):* _____                           (State)

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | NAME, TELEPHONE NUMBER AND EMAIL ADDRESS OF CREDITOR CONTACT | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | U.S. BANK NATIONAL ASSOCIATION TWO LIBERTY PLACE 50 S. 16TH STREET SUITE 1950 PHILADELPHIA, PA 19102 | U.S. BANK NATIONAL ASSOCIATION ATTN: BERTHA MCCLLEAN PHONE: 215-761-9322 EMAIL: BERTHA.MCCLEAN@USBANK.COM | Second Lien Notes Deficiency Claim | Contingent, Unliquidated | $320,000,000 | Undetermined | |
| 2. | GOLDEN GATE CAPITAL 1 EMBARADERO 39RD FLR SAN FRANSISCO, CA 94111 | GOLDEN GATE CAPITAL ATTN: N/A PHONE: N/A FAX: 415-983-2701 EMAIL: N/A | Trade Payable | Disputed | | | $4,833,333.30 |
| 3. | MICROSOFT LICENSING DEPT 551 VOLUME LICENSING 6100 NEIL ROD SUITE 210 RENO, NV 89511-1137 | MICROSOFT LICENSING ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $1,528,221.44 |
| 4. | ERNST & YOUNG LLP PNC BANK C/O ERNST & YOUNG US LLP 3712 SOLUTIONS CENTER CHICAGO, IL 60677-3007 | ERNST & YOUNG LLP ATTN: ERIC S LEWIS PHONE: N/A FAX: 1-866-423-5274 EMAIL: GSS.ACCOUNTSRECEIVABLE@XE02.EY.COM | Trade Payable | | $200,000.00 | | $1,156,063.72 |
| 5. | UNITED STATES ADVANCED NETWORK, INC 3080 NORTHWOODS CIRCLE NORCROSS, GA 30071 | UNITED STATES ADVANCED NETWORK, INC ATTN: MICHELLE CLENDENEN PHONE: 770.453.6034 FAX: 770.729.8589 EMAIL: MICHELLE.SHAW@USAN.COM | Trade Payable | | | | $624,654.00 |
| 6. | VERINT SYSTEMS INC 330 SOUTH SERVICE RD MELVILLE, NY 11747 | VERINT SYSTEMS INC ATTN: N/A PHONE: 631- 962-9446 FAX: 631.962.9300 EMAIL: N/A | Trade Payable | | | | $435,748.94 |

Debtor  ___Aspect Software Parent, Inc., *et al.*___        Case Number (if known)  _____
         Name

| | Name of creditor and complete mailing address, including zip code | NAME, TELEPHONE NUMBER AND EMAIL ADDRESS OF CREDITOR CONTACT | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7. | ARROW ELECTRONICS 7459 S. LIMA STREET ENGLEWOOD, CO 80111 | ARROW ELECTRONICS ATTN: KET SEEDROFF PHONE: 303 566 7035 FAX: 303-790-4945 EMAIL: KSEEDROFF@ARROW.COM | Trade Payable | | | | $409,442.06 |
| 8. | SERVICESOURCE INTERNATIONAL INC 634 2ND ST SAN FRANCISCO, CA 94107 | SERVICESOURCE INTERNATIONAL INC ATTN: DENISE GOODRUM PHONE: 615-523-5450 FAX: N/A EMAIL: DGOODRUM@SERVICESOURCE.COM | Trade Payable | | | | $397,614.41 |
| 9. | NUANCE COMMUNICATIONS PO BOX2561 CAROL STREAM, IL 60132-2561 | NUANCE COMMUNICATIONS ATTN: JANICE BUCK PHONE: 781-565-5197 FAX: 1 781-565-5466 EMAIL: JANICE.BUCK@NUANCE.COM | Trade Payable | | | | $349,057.58 |
| 10. | VERIZON PO BOX 660206 DALLAS, TX 75266-0206 | VERIZON ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $342,541.86 |
| 11. | DELL MARKETING LP PO BOX 802816 CHICAGO, IL 60680-2816 | DELL MARKETING LP ATTN: NAGARAJ G K PHONE: 1800-571-3355 FAX: 512-283-9092 EMAIL: NAGARAJ_G_K@DELL.COM | Trade Payable | | | | $274,173.67 |
| 12. | MICROSOFT CORPORATION ATTN: LOCKBOX 849045 1950 N STEMMONS FWY SUITE 5010 DALLAS, TX 75207 | MICROSOFT CORPORATION ATTN: ROMELDS IRISH GADUT PHONE: (425) 897-3623 FAX: 425-708-6859 EMAIL: V-ROMIRG@MICROSOFT.COM | Trade Payable | | | | $249,199.03 |
| 13. | BANDWIDTH.COM INC. 75 REMITTANCE DRIVE SUITE 6647 CHICAGO, IL 60675-6647 | BANDWIDTH.COM INC. ATTN: RAFAEL VEINTIMILLA PHONE: 855-864-7776 FAX: 919-238-9903 EMAIL: RVEINTIMILLA@BANDWIDTH.COM | Trade Payable | | | | $241,049.11 |
| 14. | CDW DIRECT LLC PO BOX 75723 CHICAGO, IL 60675-5723 | CDW DIRECT LLC ATTN: KEN FIRLIT PHONE: 312-705-8891 FAX: 847-564-6800 EMAIL: ACHREMITTANCE@CDW.COM | Trade Payable | | | | $234,756.12 |
| 15. | ORACLE AMERICA INC PO BOX 44471 SAN FRANCISCO, CA 94144 | ORACLE AMERICA INC ATTN: BALAJI SINGH PHONE: 804-108-8968 FAX: 1 866 882 0680 EMAIL: BALAJI.R@ORACLE.COM | Trade Payable | | | | $229,065.41 |

Debtor _____Aspect Software Parent, Inc., et al._____      Case Number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | NAME, TELEPHONE NUMBER AND EMAIL ADDRESS OF CREDITOR CONTACT | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16. | COMSYS SA SYNGROU AVE 156 ATHENS, 17671 GREECE | COMSYS SA ATTN: N/A PHONE: 30 210 9241486 FAX: +30 210.92.21.219 EMAIL: INFO@COMSYS.GR | Trade Payable | | | | $205,833.48 |
| 17. | CLINK LIMITED 13 KIPRANOROS STREET NICOSIA | CLINK LIMITED ATTN: N/A PHONE: (+30210) 9241486 FAX: N/A EMAIL: V.GALAKOS@COMSYS.GR | Trade Payable | | | | $198,408.68 |
| 18. | VERIZON BUSINESS PO BOX 660794 DALLAS, TX 75266-0794 | VERIZON BUSINESS ATTN: KYLE EBERT PHONE: 800-825-4850 FAX: 703-886-4399 EMAIL: KYLE.EBERT@VERIZON.COM | Trade Payable | | | | $186,987.25 |
| 19. | RACKSPACE HOSTING PO BOX 730759 DALLAS, TX 78218 | RACKSPACE HOSTING ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $186,384.91 |
| 20. | OCTASIC SEMICONDUCTOR 4101 MOLSON SUITE 300 MONTREAL, H1Y3L1 CANADA | OCTASIC SEMICONDUCTOR ATTN: JANIE DUGUAY PHONE: 1.514.282.8858 EXT.1228 FAX: 1.514.282.7672 EMAIL: JANIE.DUGUAY@OCTASIC.COM | Trade Payable | | | | $176,880.00 |
| 21. | AMAZON WEB SERVICES LLC PO BOX 84023 SEATTLE, WA 98124-8423 | AMAZON WEB SERVICES LLC ATTN: DEEPTHI DARA PHONE: 877-252-0770 FAX: N/A EMAIL: AWS-RECEIVABLES-SUPPORT@EMAIL.AMAZON.COM | Trade Payable | | | | $165,199.68 |
| 22. | MICROSOFT LICENSING C/O BANK OF AMERICA 1950 N STEMMONS FWY SUITE 5010 DALLAS, TX 75207 | MICROSOFT LICENSING ATTN: KRIZA CAMILLE F. BACTAD PHONE: 877-309-0295 EXT 31992 FAX: 425-708-6859 EMAIL: V-KRBACT@MICROSOFT.COM | Trade Payable | | | | $164,279.78 |
| 23. | GOOGLE, INC DEPT 33654 PO BOX 39000 SAN FRANCISCO, CA 94139 | GOOGLE, INC ATTN: MICHELLE BUENAVENTURA PHONE: 18669540453 EXTN 2470 FAX: 1 650 9633574 EMAIL: REMITTANCE-REQUEST@GOOGLE.COM' | Trade Payable | | | | $160,364.65 |
| 24. | INTRADIEM INC 3650 MANSELL RD SUITE 500 ALPHARETTA, GA 30022 | INTRADIEM INC ATTN: JEAN HALASZYN PETREE PHONE: 678-943-7165 FAX: N/A EMAIL: JHALASZYN@INTRADIEM.COM | Trade Payable | | | | $155,369.50 |

Debtor      Aspect Software Parent, Inc., *et al.*                    Case Number (if known) _____
                    Name

| | Name of creditor and complete mailing address, including zip code | NAME, TELEPHONE NUMBER AND EMAIL ADDRESS OF CREDITOR CONTACT | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25. | AMERICAN EXPRESS TRS 200 VESEY ST NEW YORK, NY 10285 | AMERICAN EXPRESS TRS ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $150,001.60 |
| 26. | AGC NETWORKS INC 945 BROADWAY ST NE SUITE #100 MINNEAPOLIS, MN 55413 | AGC NETWORKS INC ATTN: FERNANDA GESCH PHONE: M:+1 (612) 280 3436 FAX: 214-445-4099 EMAIL: AR.US@AGCNETWORKS.COM | Trade Payable | | | | $138,000.00 |
| 27. | FEDEX PO BOX 660481 DALLAS, TX 75266-0481 | FEDEX ATTN: WEBPORTAL PHONE: WEBPORTAL FAX: N/A EMAIL: WEBPORTAL | Trade Payable | | | | $137,605.48 |
| 28. | ADAGE TECHNOLOGIES INC 10 S. RIVERSIDE PLAZA SUITE 1500 CHICAGO, IL 60606-3836 | ADAGE TECHNOLOGIES INC ATTN: N/A PHONE: (312) 258-1200 FAX: N/A EMAIL: MDYS@ADAGETECHNOLOGIES.COM | Trade Payable | | | | $125,041.21 |
| 29. | XACTLY CORPORATION DEPT CH 16399 PALATINE, IL 60055-6399 | XACTLY CORPORATION ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $116,501.47 |
| 30. | WILLPOWERS CORP 6931 CUMBERLAND DR HUNTINGTON BEACH, CA 92647 | WILLPOWERS CORP ATTN: WILLIAM PHONE: N/A FAX: N/A EMAIL: WILLIAMGI@HOTMAIL.COM | Trade Payable | | | | $116,280.00 |
| 31. | BUSINESS OBJECTS SOFTWARE LIMITED PO BOX 2308 CAROL STREAM, IL 60132-2308 | BUSINESS OBJECTS SOFTWARE LIMITED ATTN: RAFAEL VEINTIMILLA PHONE: 855-864-7776 FAX: 604-847-2663 EMAIL: RVEINTIMILLA@BANDWIDTH.COM | Trade Payable | | | | $115,748.32 |
| 32. | IEC ELECTRONICS CORP 105 NORTON ST NEWARK, NY 14513 | IEC ELECTRONICS CORP ATTN: SANDY BARRY PHONE: 315-332-4523 FAX: 315-331-3547 EMAIL: SBARRY@IEC-ELECTRONICS.COM | Trade Payable | | | | $102,580.35 |
| 33. | PSS, INC. 1320 WEST KIMBERLY RD SUITE 1 DAVENPORT, IA 52806 | PSS, INC. ATTN: KATRINA BRATTON-ELLIS PHONE: 563 362-6000 X5989 FAX: N/A EMAIL: BILLINGDEPT@PSS-INC.NET | Trade Payable | | | | $102,573.44 |
| 34. | MICROSOFT CORPORATION PO BOX 849045 DALLAS, TX 75284-8025 | MICROSOFT CORPORATION ATTN: N/A PHONE: (866) 493-2825 FAX: N/A EMAIL: N/A | Trade Payable | | | | $101,392.83 |

Debtor  Aspect Software Parent, Inc., *et al.*          Case Number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | NAME, TELEPHONE NUMBER AND EMAIL ADDRESS OF CREDITOR CONTACT | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 35. | GLOBAL CROSSING TELECOMMUNICATIONS PO BOX 741276 CINCINNATI, OH 45274-1276 | GLOBAL CROSSING TELECOMMUNICATIONS ATTN: PAULA JONES PHONE: 713 341-4316 FAX: N/A EMAIL: PAULA.JONES@LEVEL3.COM | Trade Payable | | | | $99,937.52 |
| 36. | EC SOURCING, LLC 2425 TALL TIMBERS TRAIL MARIETTA, GA 30066 | EC SOURCING, LLC ATTN: LIZ CHAMBERS PHONE: 678-772-3122 FAX: 480-830-8829 EMAIL: ECSMANAGER@COMCAST.NET | Trade Payable | | | | $99,620.53 |
| 37. | SUNERA LLC 1208 EAST KENNEDY BLVD. SUITE 226 TAMPA, FL 33602 | SUNERA LLC ATTN: CHRISTIE VERSCHAREN PHONE: 813-731-9077 FAX: N/A EMAIL: CVERSCHAREN@SUNERA.COM | Trade Payable | | | | $93,089.47 |
| 38. | ARROW ELECTRONICS 75 REMITTANCE DR SUITE 6020 CHICAGO, IL 60675 | ARROW ELECTRONICS ATTN: KET SEEDROFF PHONE: 303.566.7035 FAX: 303-790-4945 EMAIL: KSEEDROFF@ARROW.COM | Trade Payable | | | | $89,350.00 |
| 39. | EMERGTECH BUSINESS SOLUTIONS INC 38345 W 10 MILE ROAD SUITE 243 FARMINGTON HILLS, MI 48335 | EMERGTECH BUSINESS SOLUTIONS INC ATTN: N/A PHONE: N/A FAX: N/A EMAIL: INVOICES@EMERGTECHINC.COM | Trade Payable | | | | $84,060.00 |
| 40. | AT&T PO BOX 105107 ATLANTA, GA 30348-5107 | AT&T ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $83,690.25 |
| 41. | SRI INTERNATIONAL INC. PO BOX 2767 MENLO PARK, CA 94025-2787 | SRI INTERNATIONAL INC. ATTN: DOUG BERCOW PHONE: 650-859-5187 FAX: (650) 859-3008 EMAIL: DOUGLAS.BERCOW@SRI.COM | Trade Payable | | | | $82,705.79 |
| 42. | NINTEX USA LLC 10900 NE 8TH ST, SUITE 230 BELLEVUE, WA 98004 | NINTEX USA LLC ATTN: DONNA WILLIAMS PHONE: 425.324.2449 FAX: 425-458-0105 EMAIL: DONNA.WILLIAMS@NINTEX.COM | Trade Payable | | | | $79,770.80 |
| 43. | EG SOLUTIONS PLC BARN 1, DUNSTON BUSINESS VILLAGE, STAFFORD ROAD DUNSTON, ST18 9AB UNITED KINGDOM | EG SOLUTIONS PLC ATTN: NICK CURYER PHONE: 678 99 7528 FAX: 440-1785-712541 EMAIL: NICKCURYER@EGOPTIMIZE.COM | Trade Payable | | | | $74,245.69 |

Debtor    Aspect Software Parent, Inc., *et al.*    Case Number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zip code | NAME, TELEPHONE NUMBER AND EMAIL ADDRESS OF CREDITOR CONTACT | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 44. | CHRYSALIS SOFTWARE, INC. 126 CLOCK TOWER PLACE SUITE 215 CARMEL, CA 93923 | CHRYSALIS SOFTWARE, INC. ATTN: ALEX DESAI PHONE: (918) 858-6412 FAX: 831-309-6442 EMAIL: ALEX.DESAI@WATERFIELD. COM | Trade Payable | | | | $73,000.00 |
| 45. | INTELEPEER, INC. PO BOX 8397 PASADENA, CA 91109-8397 | INTELEPEER, INC. ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $67,531.34 |
| 46. | CROSSREALMS INC 55 W. MONROE SUITE 3330 CHICAGO, IL 60603 | CROSSREALMS INC ATTN: N/A PHONE: N/A FAX: N/A EMAIL: N/A | Trade Payable | | | | $66,873.13 |
| 47. | BAKER AND MCKENZIE ONE PRUDENTIAL PLAZA, SUITE 3500 130 EAST RANDOLPH DRIVE CHICAGO, IL 60601-6384 | BAKER AND MCKENZIE ATTN: DEBORAH KOZIE PHONE: 312 861 8830 FAX: 1 312 698 2946 EMAIL: DEBORAH.KOZIE@BAKERMC KENZIE.COM | Trade Payable | | | | $63,404.35 |
| 48. | INFOSAGE SYSTEMS INDIA PVT LTD MRL HOUSE 6-3-663/B 2ND FLOOR PUNJAGUTTA, AP 500082 INDIA | INFOSAGE SYSTEMS INDIA PVT LTD ATTN: RAMESH PHONE: 914023609900 FAX: N/A EMAIL: RAMESH.REDDY@INFOSAGE SYSTEMS.COM | Trade Payable | | | | $59,644.00 |
| 49. | BRIGHTLINK COMMUNICATIONS 2970 PEACHTREE ROAD NW SUITE 300 ATLANTA, GA 30305 | BRIGHTLINK COMMUNICATIONS ATTN: TEAM PHONE: (888)871-4575 FAX: N/A EMAIL: AR@BRIGHTLINKIP.COM | Trade Payable | | | | $59,589.14 |
| 50. | EMPIRIX INC. 600 TECHNOLOGY PARK DRIVE BILLERICA, MA 01824 | EMPIRIX INC. ATTN: N/A PHONE: 978-313-7000 FAX: N/A EMAIL: CUSTOMERCARE@EMPIRIX. COM | Trade Payable | | | | $54,938.81 |

Fill in this information to identify the case and this filing:

Debtor Name _____ Aspect Software Parent, Inc., *et al.*

United States Bankruptcy Court for the: _____ District of Delaware
                                                        (State)
Case number (if known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors _____ 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct.

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

   03/09/2016                          ☒  /s/
   MM/ DD/YYYY                          Signature of individual signing on behalf of debtor

                                        Robert Krakauer
                                        Printed name

                                        Executive Vice President and Chief Financial Officer
                                        Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASPECT SOFTWARE PARENT, INC., | Case No. 16-_____ (___) |
| Debtor. | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    **333-170936**

2.    The following financial data is the latest available information and refers to the debtor's condition on **09/30/2015**

|   |   |   |
|---|---|---|
| (a) Total assets | $ | 0 |
| (b) Total debts (including debts listed in 2.c., below) | $ | 0 |
| (c) Debt securities held by more than 500 holders | **N/A** | |

Approximate number of holders:

| | | | | | | |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☒ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

(d)    Debt securities held by more than 500 holders

(e)    Debt securities held by more than 500 holders

Comments, if any:

3.    Brief description of debtor's business:    **Aspect is a global leader in omni-channel customer contact solutions with headquarters in Phoenix, Arizona that offers fully-integrated contact center software to enable companies to serve their customers across multiple channels of communication.**

4.    List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Aspect Software Group Holdings (100%)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASPECT SOFTWARE PARENT, INC., | Case No. 16-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| Aspect Software Parent, Inc. | Aspect Software Group Holdings Ltd. | Maples Corporate Services Limited P.O. Box 309 Ugland House Grand Cayman KY1-104 Cayman Islands | Common | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of the date of commencement of the chapter 11 case.   Address information for individual holders has been redacted to maintain confidentiality.

Fill in this information to identify the case and this filing:

Debtor Name     Aspect Software Parent, Inc.

United States Bankruptcy Court for the:         District of Delaware

                                                           (State)

Case number (if known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration_____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

             03/09/2016                   ☒   /s/   
             MM/ DD/YYYY                  Signature of individual signing on behalf of debtor

                                                  Robert Krakauer

                                                  Printed name

                                                  Executive Vice President and Chief Financial Officer

                                                  Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ASPECT SOFTWARE PARENT, INC., | Case No. 16-_____ (___) |
| Debtor. |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Aspect Software Group Holdings Ltd. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name        Aspect Software Parent, Inc.

United States Bankruptcy Court for the:                     District of Delaware
                                                                                    (State)
Case number (if known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors _____ 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____    Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

     03/09/2016                              ☒  /s/
     MM/ DD/YYYY                             Signature of individual signing on behalf of debtor
                                             **Robert Krakauer**
                                             Printed name
                                             **Executive Vice President and Chief Financial Officer**
                                             Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

Fill in this information to identify the case and this filing:

Debtor Name    Aspect Software Parent, Inc.

United States Bankruptcy Court for the:          District of Delaware
                                       (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration_____ Certification of Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

    03/09/2016               ☒  /s/
    MM/ DD/YYYY                Signature of individual signing on behalf of debtor

                                      **Robert Krakauer**
                                      Printed name

                                      **Executive Vice President and Chief Financial Officer**
                                      Position or relationship to debtor