# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASPECT SOFTWARE PARENT, INC., | ) | Case No. 16-10597 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-3503231 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ASPECT SOFTWARE, INC., | ) | Case No. 16-10598 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 02-0364368 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOICEOBJECTS HOLDINGS INC., | ) | Case No. 16-10599 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3800138 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOXEO PLAZA TEN, LLC, | ) | Case No. 16-10600 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-2447028 | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DAVOX INTERNATIONAL HOLDINGS, LLC, | ) | Case No. 16-10601  (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 04-3391081 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion.

**<u>Relief Requested</u>**

1. By this motion, the Debtors seek entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief, including the ability to add later filed cases to these chapter 11 cases. The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Aspect Software Parent, Inc. and that the cases be administered under a consolidated caption, as follows:

2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ASPECT SOFTWARE PARENT, INC., *et al.,*[1] | ) | Case No. 16-10597  (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Aspect Software Parent, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Aspect Software Parent, Inc., Case No. 16-10597; Aspect Software, Inc., Case No. 16-10598; VoiceObjects Holdings Inc., Case No. 16-10599; Voxeo Plaza Ten, LLC, Case No. 16-10600; and Davox International Holdings, LLC, Case No. 16-10601. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-10597.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Aspect Software Parent, Inc. (3231); Aspect Software, Inc. (4368); VoiceObjects Holdings Inc. (0138); Voxeo Plaza Ten, LLC (7028); and Davox International Holdings, LLC (1081). The location of parent Debtor Aspect Software Parent, Inc.'s corporate headquarters and the Debtors' service address is: 2325 E. Camelback Road, Suite 700, Phoenix, Arizona, 85016.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**Background**

7. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested joint administration of these chapter 11 cases. The Court has not appointed a trustee, and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not formed any official committees in these chapter 11 cases.[1]

---

[1] The facts and circumstances supporting this motion, along with a detailed discussion of the Debtors' business operations and capital structure, are set forth in the *Declaration of Stewart M. Bloom in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

8.  Aspect Software Parent, Inc., a Delaware corporation, is the ultimate parent for each of the Debtors in these chapter 11 cases and a number of foreign, non-Debtor affiliates (collectively, "Aspect"). Headquartered in Phoenix, Arizona, Aspect is a global leader in omni-channel customer contact solutions that offers fully-integrated contact center software to enable companies to serve their customers across multiple channels of communication.

### Basis for Relief

9.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The five Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Local Rule 1015-1.

11. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*,

5

*In re Samson Resources Corp.,* No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (directing joint administration of chapter 11 cases); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Sept. 18, 2015); *In re Quicksilver Resources Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. June 5, 2014) (same); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013) (same).[2]

12.  Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13.  Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested. Instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

---

[2]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

## Notice

14. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the ad hoc group of first lien lenders under the Debtors' first lien credit facility; (e) the indenture trustee under the Debtors' second lien indenture; (f) counsel to the ad hoc group of second lien noteholders; (g) certain majority holders of the existing common stock of the Debtors; (h) the U.S. Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; (j) the U.S. Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

KE 38796664
PHIL1 5291639v.1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: March 9, 2016
Wilmington, Delaware

*/s/ Domenic E. Pacitti*
Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

-and -

Morton Branzburg (*pro hac vice* admission pending)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

-and-

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Aparna Yenamandra (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
William A. Guerrieri (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

KE 38796664
PHIL1 5291639v.1